UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MAURICE WHITE,

        Plaintiff,                  Case No. 1:19-cv-262

v.                                      Honorable Janet T. Neff

CITY OF DOWAGIAC et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought under 42 U.S.C. § 1983 by a person who, at the time the complaint was filed, was detained in the Cass County Jail. The Cass County Sheriff's Department has notified the Court that Plaintiff is no longer at the jail. Going forward, the Clerk shall mail documents to Plaintiff at the home address he provided on the second page of his complaint.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant City of Dowagiac. The Court will serve the complaint against Defendant Britton.

**Discussion**

I.   **Factual allegations**

On March 26, 2019, Plaintiff was driving in Cass County. After pulling into the parking lot of an assisted living center, Plaintiff was stopped by Dowagiac City Police Officer Defendant Luke Britton, ostensibly for failing to stop at a nearby intersection. Plaintiff denies failing to stop at the intersection. Plaintiff claims Defendant Britton had no legitimate reason to stop Plaintiff.

Plaintiff initially refused to provide his name. After he provided his name, Defendant Britton handcuffed Plaintiff and detained him in the back of Defendant Britton's police vehicle. Defendant Britton then searched Plaintiff's vehicle.

Upon returning to the police vehicle, Defendant Britton determined that a warrant had been issued for Plaintiff's arrest for failure to pay child support. Defendant Britton placed Plaintiff under arrest and impounded Plaintiff's vehicle.

Plaintiff contends that every aspect of his encounter with Defendant Britton—the stop, the detention, the search, the arrest, and the seizure of Plaintiff's car—violated Plaintiff's Fourth Amendment rights.

Plaintiff also sues the City of Dowagiac. He does not make any specific allegations against the city.

Plaintiff seeks compensatory and punitive damages in the amount of $110,640.00.

II.   **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While

a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's allegations, construed liberally, state colorable claims against Defendant Britton for violation of Plaintiff's Fourth Amendment search and seizure rights. The allegations, however, do not suffice to state any claim against Defendant City of Dowagiac.

Presumably, Plaintiff named the City of Dowagiac as a defendant because the city employs Defendant Britton. That relationship, however, is not sufficient to give rise to liability under § 1983. "[T]he doctrine of *respondeat superior* is not a basis for rendering municipalities liable under § 1983 for the constitutional torts of their employees." *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 663 n.7 (1978); *see also Jones v. City of Memphis, Tenn*, 586 F.2d 622, 624 n.1 (6th Cir. 1978). Instead, a municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cty. v. Humphries*, 562 U.S. 29, 35-37 (2010) (citing *Monell*, 436 U.S. at 694). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-09. Plaintiff makes no allegations regarding a policy or custom here; therefore, he has failed to state a claim against the City of Dowagiac.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant City of Dowagiac will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court will serve the complaint against Defendant Britton.

An order consistent with this opinion will be entered.


Dated:  June 20, 2019                    /s/ Janet T. Neff
                                                                Janet T. Neff
                                                                United States District Judge