UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE WHITE,

        Plaintiff,                               Hon. Janet T. Neff

v.                                                              Case No. 1:19-cv-262

LUKE BRITTON,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion for Summary Judgment (ECF No. 18) and Defendant's Motion to Stay Civil Proceedings or, in the Alternative, Adjourn Dispositive Motion Deadline (ECF No. 22). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's Motion for Summary Judgment be **GRANTED** and Defendant's Motion to Stay be **DENIED AS MOOT**.

**I.    BACKGROUND**

Plaintiff, Maurice White, filed a pro se complaint against Defendants Luke Britton and the City of Dowagiac on April 5, 2019. In an Opinion and Order entered on June 20, 2019, the Court dismissed the City for failure to state a claim. (ECF Nos. 9 and 10.)

White's claims arise out of a March 26, 2019 traffic stop by Defendant Britton, who is employed as a police officer by the City. Britton stopped White in the parking lot of the Rotary Villa, an assisted living facility, for failing to stop at a stop sign. (ECF No. 1 at PageID.3.) According to White, after White exited his vehicle, Britton approached him and demanded that White identify himself. White reluctantly did so, and Britton placed White in the back of his

cruiser. Britton searched White's vehicle and then returned to his cruiser to run White's name for outstanding warrants. Britton discovered an outstanding warrant for failure to pay child support and informed White that he would be arresting White on the warrant. Britton then had White's car towed. (ECF No. 1 at PageID.4.)

White alleged claims for an unlawful search, unlawful seizure of his vehicle, and unlawful arrest. On December 10, 2019, Britton filed a motion for summary judgment, to which he attached a copy of his March 27, 2019 Police Report (ECF No. 18-3) and a copy of Dowagiac Police Department Policy 7-1, Abandoned & Impounded Vehicles (ECF No. 18-5). Britton also supported his motion with a video of the dash- and body-camera footage of the incident. White failed to respond to the motion.

## II. DISCUSSION

As noted above, White failed to respond to Britton's motion for summary judgment within the time permitted by Western District of Michigan Local Civil Rule 7.2(c). On January 27, 2020, the Court issued an Order to Show Cause directing White to respond by February 10, 2020, and explain why his case should not be dismissed for lack of prosecution. The February 10, 2020 Order also instructed White that if he intended to oppose Britton's motion, he must file his response within the same time. (ECF No. 25.) The Order was not returned to the Court as undeliverable or for any other reason, and White failed to respond timely.

Although White is representing himself, pro se litigants are "still required to follow the rules of civil procedure and easily-understood Court deadlines." *Ciavone v. McKee*, 2009 WL 2959737 at *6 (W.D. Mich. Sept. 10, 2009). White's failure to respond, alone, constitutes an adequate ground for dismissal. The Sixth Circuit has noted that, "if a plaintiff fails to respond to or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have

2

waived opposition to the motion." *Scott v. Tennessee*, No. 88-6095, 1989 WL 72470, at *2 (6th Cir. July 3, 1989); *see also Rogers v. Mich. Dep't of Corrs.*, No. 1:17-cv-383, 2019 WL 1388677, at *1 (W.D. Mich. Mar. 6, 2019) (noting that "opposition to a motion for summary judgment is waived, and dismissal appropriate, where the plaintiff fails to respond thereto"); *Center for Biological Diversity v. Rural Utils. Serv.*, No. 5:08-292-JMH, 2009 WL 3241607, at *3 (E.D. Ky. Oct. 2, 2009) (noting that "the Sixth Circuit has held that the lack of response [to a motion] is grounds for the district court to assume opposition to the motion is waived, and grant the motion"). Nonetheless, in accordance with *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991), the undersigned has examined Britton's motion to ensure that he has discharged his summary judgment burden and concludes that he has done so.

First, the Police Report and the video evidence shows that Britton had a valid basis to perform a traffic stop: White failed to stop at a stop sign. "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). Because Officer Britton observed White fail to stop at a stop sign, he had probable cause to initiate a traffic stop. Thus, no Fourth Amendment violation occurred during the initial encounter.

Second, because White had exited the car and approached Officer Britton, was uncooperative, did not have his driver's license, and Sgt. Davis believed White had warrants and a history of narcotics and resisting behavior, Davis detained White in handcuffs while they ran his name for outstanding warrants. After determining that there were six outstanding valid warrants for White's arrest, the officers arrested him. Because the warrants provided probable cause for the arrest, *see United States v. Ellison*, 462 F.2d 557, 563 (6th Cir. 2006); *United States v. Hudson*, 405 F.3d 425, 432 (6th Cir. 2005), no Fourth Amendment violation occurred.

Third, the search of White's car was permissible under the automobile exception to the warrant requirement when Officer Britton and Sgt. Davis found a small baggie of suspected methamphetamine near his vehicle that did not have frost on it (indicating that it had been recently thrown on the ground), and Officer Davis was familiar with White's history of narcotics trafficking. *See Collins v. Virginia*, 138 S. Ct. 1663, 1669 (2018); *United States v. Smith*, 510 F.3d 641, 647–48 (6th Cir. 2007). The video demonstrates that the officers recovered the bag of methamphetamine before they searched the car. Because the officers had probable cause to search, no Fourth Amendment violation occurred. The search was also likely permissible as an inventory search once the officers decided to impound the vehicle.

Finally, the officers impounded White's vehicle pursuant to Dowagiac Police Department Policy 7-1 and Michigan law, Mich. Comp. Laws § 257.252d(1)(e), which authorizes police officers to remove a vehicle from public or private property if there is reasonable cause to believe that the vehicle was used in the commission of a crime. Here, the officers had a reasonable basis to conclude that White's vehicle was used in the commission of a crime. Moreover, impoundment was reasonable under Policy 7-1, which allows for towing/impoundment of abandoned vehicles, defined to include, "[a] vehicle where the driver has been arrested." *See United States v. Kimes*, 246 F.3d 800, 805 (6th Cir. 2001) ("The Fourth Amendment permits impoundment decisions . . . that are objectively justifiable . . . regardless of an officer's subjective intent.").

### III.    CONCLUSION

For the foregoing reasons, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 18) be granted and the complaint be dismissed with prejudice. The undersigned further recommends that Defendant's Motion to Stay Civil Proceedings or, in the Alternative, Adjourn Dispositive Motion Deadline (ECF No. 22) be denied as moot.

The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

## **NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Dated: February 14, 2020                    /s/ Sally J. Berens
                                            SALLY J. BERENS
                                            U.S. Magistrate Judge